NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000028
24-FEB-2017
07:59 AM

NO. CAAP-15-0000028

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MICHAEL PLUMER, Plaintiff-Appellee, v.
KRYSTYN WARKUS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(FC-D NO. 09-1-0221)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Krystyn Warkus (**Warkus**) appeals

from the December 15, 2014 Order Denying August 25, 2014 Motion

of Defendant Krystyn Warkus to Reconsider the Order Granting in

Part and Denying in Part Plaintiff's Motion for Award of

Attorney's Fees and Costs Entered Herein on August 13, 2014

(**Order Denying Reconsideration**), filed in the Family Court of the

Fifth Circuit (**Family Court**).[1]

Warkus raises three points of error on appeal, arguing

that: (1) the Family Court abused its discretion when it entered

the Order Denying Reconsideration because fees were awarded based

on an offer of judgment pursuant to Rule 68 of the Hawaiʻi Family

---

[1] The Honorable Edmund D. Acoba presided.

Court Rules (**HFCR**) and the rule's standard of "patently not more favorable than the offer" was not satisfied; (2) the Family Court abused its discretion in entering the August 13, 2014 Order Granting in Part and Denying in Part Plaintiff's Motion for Award of Attorney's Fees and Costs (**Order Awarding Fees**), which was the subject of the Order Denying Reconsideration, because the HFCR Rule 68 standard of "patently not more favorable than the offer" was not satisfied and the Family Court did not make a finding that the award of fees and costs would be equitable under the provisions of Hawaii Revised Statutes (**HRS**) 580-47 (Supp. 2016); and (3) the Family Court erred when it entered its April 13, 2012 Order Quashing Subpoenas and Awarding Attorneys Fees and Costs (**Order Quashing Subpoenas**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Warkus's points of error as follows:

(1 & 2)  In Cox v. Cox, 138 Hawai'i 476, 483, 382 P.3d 288, 295 (2016), the Hawai'i Supreme Court announced a new rule as follows:  "because HFCR Rule 68 affects substantive rights of parties in a divorce proceeding and it is in derogation of HRS § 580-47, we hold that HFCR Rule 68 is inapplicable to cases governed by HRS § 580-47."  As Chief Justice Recktenwald articulated in the dissent, "[t]his holding effectively invalidates the rule in all divorce proceedings in this state." Id. at 490, 382 P.3d at 302.  In addition, the majority in Cox specifically noted that its decision applies to all cases pending

on direct appeal at the time the decision was rendered, which includes the case at bar. Id. at 489 n.20, 382 P.3d at 301 n.20.

Attorney's fees and costs were awarded to Plaintiff-Appellee Michael Plumer (**Plumer**) based on HFCR Rule 68, but in his December 9, 2013 motion, Plumer argued that it would be equitable to award him fees and costs under the circumstances of this case and, in fact, it would be inequitable not to award his attorney's fees and costs.[2] In Cox, in addition to invalidating HFCR Rule 68 in divorce cases, the supreme court held that, "in cases within the purview of HRS § 580-47, requests for attorney's fees and costs must be evaluated pursuant to the factors and circumstances set forth in HRS § 580-47(a) and (f) in order to determine that an award of such fees and costs is just and equitable." Cox, 138 Hawai'i at 483, 382 P.3d at 295. Thus, we vacate the Order Denying Reconsideration and, to the extent that it awarded attorney's fees and costs based on HFCR Rule 68, the Order Awarding Fees; and we remand the case to the Family Court for consideration, as appropriate, of an award of fees and costs under HRS § 580-47. See id. at 490, 382 P.3d at 302.

(3) Plumer argues that this court lacks appellate jurisdiction to review the Order Quashing Subpoenas because Warkus did not timely file a notice of appeal from that order. We agree.

The Order Quashing Subpoenas was a post-judgment order. It appears that once the order was entered on April 13, 2012 and

---

[2] Plumer also argued that his fees and costs should be awarded pursuant to HFCR Rule 11, but the Family Court denied his request for an award based on this argument.

the subpoenas were quashed, the subject post-judgment proceedings ended, and the Order Quashing Subpoenas was an appealable final order. See Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted) ("A post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished."). Although, on April 23, 2012, Warkus timely filed a motion for reconsideration of the Order Quashing Subpoenas, that motion was denied in an order entered on July 31, 2012. Even if we were to consider the Order Quashing Subpoenas as part of a broader ongoing post-decree proceeding, as Warkus urges, Warkus filed her Motion for Relief from Divorce Decree pursuant to Rule 60(b)(3) and (6) (**Rule 60 Motion**) on April 27, 2012 (after the entry of the Order Quashing Subpoena). The Rule 60 Motion was dismissed by the Family Court in an order entered on September 25, 2013 (**Order Dismissing Rule 60 Motion**), which was itself immediately appealable. See Ditto, 103 Hawai'i at 157, 80 P.3d at 978; see also Familian Nw., Inc. v. Cent. Pac. Boiler & Piping, Ltd., 68 Haw. 368, 369, 714 P.2d 936, 937-38 (1986). No tolling motion was filed. Warkus's January 14, 2015 Notice of Appeal was not timely with respect to appellate review of the Order Quashing Subpoena.

For these reasons, the Family Court's December 15, 2014 Order Denying Reconsideration and August 13, 2014 Order Awarding Fees are vacated in part, as set forth above. This case is remanded to the Family Court for consideration, as appropriate, of an award of fees and costs under HRS § 580-47. Warkus's

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

appeal from the Family Court's April 13, 2012 Order Quashing Subpoenas is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 24, 2017.

On the briefs:

Donna E. Richards,
Mark R. Zenger,
(Richards & Zenger),
for Defendant-Appellant.

Charles T. Kleintop,
Naoko C. Miyamoto,
(Kleintop & Luria, LLP),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge